Green J.
delivered the opinion of the court.
The attorney general admits that'the charge in the indictment, that the usury received was “dollars,” is, in effect, an allegation that the specie was received. The proof is, that United States Bank notes were sent to the defendant. This court, in the case of Johnston v. The State, (Mart. & Yer. 129) decided that upon an indictment charging that a party gambled for “money,” it was not sufficient to prove that bank notes were bet. We do not perceive that there is any difference in principle between that case and the one before the court. The circuit court did not tell the jury in this case, that this proof corresponded with the allegation; but while this is very adroitly avoided, yet the impression is made upon the jury, that proof of United States Bank notes having been received, would authorize them to find the defendant guilty. He says, “that if he received the United States notes as silver, and if they were of equal value to silver, they were equivalent to silver to him.” That would all be very true; but these remarks have no application to the case, unless the judge intended to be understood that evidence of payment in notes “equivalent to silver,” would suppport a charge that payment was made in silver. If he so intended, the charge is in op *528 position to the principles of Johnston vs. The State, and is erroneous; but if he did not so intend, still the remarks were calculated to make on the jury that impression, and thereby mislead them. But the court further told the jury, that “if he returned the four dollars in specie to Stewart, it was evidence he had changed the notes for silver.” It is not perceived how the fact, that the four dollars paid back to Stewart were in specie, proves, that M’Auly had changed the notes into specie. Such a consequence could not follow, unless it were proved that M’Auly bad no other means of obtaining the four dollars than by changing the notes he received of Stewart. But if this fact does establish the consequence contended for, still it is well answered by the counsel for .the plaintiff in error. If M’Auly took the notes, (not in payment, as the judge supposes), and had them changed in order to get his money in specie, there'would be no proof that he received usury at all; for it is in proof, that he returned, or offered to return, the four dollars, the first time he saw Stewart, and of course, the first time he had an opportunity of doing so after he procured the notes to be changed. But the truth is, the notes were received in payment, and the simple question is, does that proof support the allegation of a payment in dollars? We think it does not, and therefore, without discussing other questions'which have, been raised and ingenuously ar gued, we are of opinion the court erred, and order that the judgment be reversed.
Judgment reversed.